IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| VICTORIA JOHNSON, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>NORTH IDAHO COLLEGE, an Idaho corporation, )<br>and DONALD FRIIS, an individual, )<br>)<br>Defendant. )<br>) | Case No. CV06-436-N-EJL<br><br>MEMORANDUM ORDER |

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, Defendants North Idaho College and Donald Friis move to dismiss the state law tort claims brought against them by the Plaintiff, Victoria Johnson.[1] Plaintiff opposes the Motion to Dismiss. The motion is now ripe. Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without a hearing.

---

[1] Defendants also filed a separate, second motion to dismiss the Plaintiff's federal claim. (Docket No. 5). However, by way of an unopposed Motion to Amend/Correct the Original Complaint, Plaintiff filed an Amended Complaint that corrected the error upon which Defendants had based their motion to dismiss. Therefore, the motion to dismiss with respect to Plaintiff's federal claim will be denied.

MEMORANDUM ORDER - Page 1
07ORDERS\Johnson_.WPD

## Background

The Idaho Tort Claims Act, with some exceptions, permits claims against "every governmental entity . . . for money damages arising out of its negligent or otherwise wrongful acts or omissions and those of its employees." I.C. § 6-903. However, as a necessary precondition to proceeding with such an action, the statute requires that "[a]ll claims against a political subdivision arising under the provisions of this act and all claims against an employee of a political subdivision . . . shall be presented to and filed with the clerk or secretary of the political subdivision." I.C. § 6-906.

The Idaho Human Rights Act prohibits certain acts of discrimination. I.C. §§ 67-5909 & 5911. The Act provides that "[a]ny person who believes he or she has been subject to unlawful discrimination . . . may file a complaint" with the Idaho Human Rights Commission. I.C. § 67-5907. Section 67-5908(2) of the Act states that a "complaint must be filed with the commission as a condition precedent to litigation."

Plaintiff asserts several causes of action against Defendants alleging discrimination and sexual harassment. Plaintiff also asserts several state law tort claims. Prior to initiation of this lawsuit, Plaintiff filed a complaint with the Idaho Human Rights Commission. Plaintiff did not, however, file a notice of her tort claims in accordance with the Idaho Tort Claims Act. Because Plaintiff did not file a notice with the Idaho Tort Claims Act, Defendants have moved for dismissal of Plaintiff's tort claims for lack of subject matter jurisdiction.

## Standards

The Court should "grant the motion to dismiss for lack of jurisdiction only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Rosales v. United States, 824 F.2d 799, 803 (9th Cir.1987).

When analyzing the viability of the state law claims the Court is mindful that it must apply the substantive law of Idaho, as interpreted by the Idaho Supreme Court. See Northwest Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 920 (9th Cir.1988).

 "[W]here the state's highest court has not decided an issue, the task of the federal courts is to predict how the state high court would resolve it." Air-Sea Forwarders, Inc. v. Air Asia Co., 880 F.2d 176, 186 (9th Cir. 1989), cert. denied, 493 U.S. 1058 (1990). In this regard, the federal court must follow an intermediate state court decision unless other persuasive authority convinces the federal court that the state supreme court would decide otherwise. Richardson v. United States, 841 F.2d 993, 996 (9th Cir. 1988).

## Discussion

Plaintiff concedes that Defendants are "entitled to the protections of the Idaho Tort Claims Act," (Pl.'s Opp'n at 2), but contends that the complaint filed with the Idaho Human Rights Commission satisfies the notice requirement of the Idaho Tort Claims Act for all her tort claims. Although there is no direct authority to support this proposition, Plaintiff argues by analogy from the case law interpreting the Workers' Compensation Act and the Supplemental Jurisdiction Statute.

Plaintiff's effort to employ these legal analogies to avoid the notice requirement of the Idaho Tort Claims Act is unavailing. The Idaho Supreme Court has been clear in repeatedly emphasizing "that compliance with the notice requirement of the Tort Claims Act is a mandatory condition precedent to bringing an action under the Act." Madsen v. Idaho Dept. of Health and Welfare, 779 P.2d 433, 436 (Idaho Ct. App. 1989) (collecting Idaho Supreme Court cases). By statute, the Idaho Human Rights Act is limited to matters that concern "discrimination because of race, color, religion, sex or national origin . . . [and] age." I.C. § 67-5901. Accordingly, a provision of the Act states that the filing of a complaint with the Idaho Human Rights Commission only "satisfies the notice requirements of the [Idaho Tort Claims Act] as to the allegations of the administrative complaint arising under [the Idaho Human Rights Act]." I.C. § 5907A. This language, then, expressly limits Plaintiff's compliance with the Idaho Tort Claim Act, by the filing of her complaint with the Idaho Human Rights Commission, to the claims that allege discrimination and sexual harassment. These claims – discrimination and sexual harassment – are the only ones asserted by Plaintiff that arise under the Idaho Human Rights Act. The filing of a complaint

with the Idaho Human Rights Commission cannot serve as a substitute for filing a notice as to Plaintiff's state law tort claims because § 5907A of the Idaho Human Rights Act does not permit it.

This strict reading of the Idaho statutory scheme is consistent with Idaho Supreme Court precedent. In McQuillen v. City of Ammon, 747 P.2d 741, 744 (Idaho 1987), the Idaho Supreme Court stated that "[c]ompliance with the Idaho Tort Claims Act's notice requirement is a mandatory condition precedent to bringing suit, the failure of which is fatal to a claim, no matter how legitimate." Similarly, in Newlan v. State, 535 P.2d 1348, 1553 (Idaho 1975), the Idaho Supreme Court declared that the "statutory language [of the notice requirement] is clear and unambiguous. . . . [i]t can occasion but one interpretation and that is compliance is a condition precedent to bringing suit against the state." Finally, the Court is particularly mindful of the Newlan court's admonition that "[w]here a statute is not ambiguous it is the duty of the court to follow the law as enacted and if the statute is unwise, power to correct is legislative not judicial." Id.; see also City of Philadelphia v. Lead Indus. Ass'n, 994 F.2d 112, 123 (3d Cir.1993) (explaining that "[i]n a diversity case . . . federal courts may not engage in judicial activism. Federalism concerns require that we permit state courts to decide whether and to what extent they will expand state common law. Our role is to apply the current law of the jurisdiction, and leave it undisturbed. . . .  Absent some authoritative signal from the legislature or the state courts, [there is] no basis for even considering the pros and cons of innovative theories. We must apply the law of the forum as we infer it presently to be, not as it might come to be.").

For all the above reasons, Defendants' Rule 12(b)(1) Motion to Dismiss will be granted.

## ORDER

Based on the foregoing, and being fully advised in the premises, **IT IS HEREBY ORDERED** that

1. Defendant Donald Friis' Motion for Joinder (docket no. 8) is **GRANTED**,

2. Defendants' Motion to Dismiss Pursuant to FRCP 12(b)(6) (docket no. 5) is **DENIED**, and

2. Defendants' Motion to Dismiss Pursuant to FRCP 12(b)(1) (docket no. 6) is **GRANTED** and that the Plaintiff's state law tort claims are **DISMISSED** for lack of subject matter jurisdiction.

DATED: **March 23, 2007**

_____
Honorable Edward J. Lodge
U. S. District Judge