IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| VICTORIA JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CV 006-436-EJL |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| NORTH IDAHO COLLEGE, an Idaho | ) | |
| Corporation, and DONALD FRIIS, an | ) | |
| Individual, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT**

The Court has before it Defendant North Idaho College's Renewed Motion for Summary Judgment (Docket No. 102). Having carefully reviewed the record, the Court recommends, for the following reasons, that this case be remanded to the state court for further proceedings.

**I. Background**

Defendant North Idaho College removed this case from the First Judicial District for the State of Idaho, Kootenai County, on October 31, 2006 (Docket No. 1) on the basis of federal question jurisdiction. The Amended Complaint alleged a federal Title IX claim as well as state law tort claims and a claim under the Idaho Human Rights Act. (Amended Complaint, Docket No. 25). On August 8, 2008 the Court issued a Report recommending that motions for summary judgment filed by both North Idaho College and Donald Friis on the Title IX claims, the state tort law claims, and the IHRA claim be granted. (Report and Recommendation, Docket No. 83).

District Judge Edward J. Lodge adopted the Report and Recommendation on August 28, 2008, and judgment dismissing the case was entered. (Order, Docket No. 84; Judgment, Docket No. 85).

Plaintiff appealed the judgment and the Ninth Circuit affirmed the Court's decision with respect to the Title IX claim and the state tort law claims but reversed the Court's decision with respect to the IHRA claim. (Memorandum Opinion, Docket No. 101). The Ninth Circuit remanded the IHRA claim for further proceedings. (Memorandum Opinion, Docket No. 101).

Defendant North Idaho College filed a Renewed Motion for Summary Judgment on the IHRA claim on November 4, 2009. (Motion for Summary Judgment, Docket No. 102). No federal claims are pending in this litigation.

## II. Discussion

When a federal district court has dismissed all claims over which it had original jurisdiction, it may decline to exercise supplemental jurisdiction over the remaining state law claims. *See* 28 U.S.C. § 1367(c).[1] While the elimination of all federal claims gives the district court "a powerful reason to choose not to continue to exercise jurisdiction" the district court's decision to retain, dismiss, or remand the remaining supplemental claims is discretionary and the district courts have a wide latitude to make this decision. *State of Tenn ex rel. Pierotti v. A Parcel of Real Property Municipally Known as 777 N. White Station Road, Memphis, Tenn*. 937 F.Supp. 1296 (W.D. Tenn. 1996) (citing *Carnegie Mellon University v. Cohill*, 484 US 343 (1988); *Shanaghan v. Cahill*, 58 F.3d 106, 110 (Va. 1995) (citing Noble v. White, 996 F.2d

---

[1] 28 U.S.C. § 1367(c) states: "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if ... (3) the district court has dismissed all claims over which it has original jurisdiction..."

797, 799 (5th Cir. 1993)).  In making this decision, the federal court should take into

consideration convenience and fairness to the parties, the existence of any underlying issue of

federal policy, comity and considerations of judicial economy.  *United Mine Workers of America*

*v. Gibbs*, 383 U.S. 715, 726 (1966).  Further, remand may be appropriate where "the claim raises

a novel or complex issue of State law." 28 U.S.C. § 1367(c)(1).

In this case, the only remaining claim is the state law claim brought under the IHRA.

Though this Court could retain jurisdiction over the claim, the Court finds it is in the interest of

fairness that the remaining claim be remanded to the First Judicial District for the State of Idaho,

Kootenai County.  Further, the Court notes that remand is particularly appropriate in this

instance because application of the IHRA in the context of education discrimination has not

been, as far as the Court is aware, the subject of jurisprudence by the Idaho Supreme Court or

Idaho Court of Appeals.

## RECOMMENDATION

Based on the foregoing, the Court being otherwise fully advised in the premises, **IT IS**

**HEREBY RECOMMENDED** that:

1)      The Court remand this action to the First Judicial District of the State of Idaho, in

and for the County of Kootenai, for all further proceedings.

DATED: January 21, 2010

_____
Honorable Candy W. Dale
Chief United States Magistrate Judge